NO. 07-07-0066-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 29, 2008

______________________________


MARLYN SOLANAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 03-721-K277; HONORABLE KEN ANDERSON, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          On March 24, 2004, pursuant to a plea bargain, Appellant, Marlyn Solanas, was
convicted of intoxication assault, a third-degree felony. Punishment was assessed at
confinement for ten years and a $2,500 fine, suspended in favor of ten years community
supervision. On September 9, 2005, the State filed a motion to revoke, alleging that
Appellant had violated specified terms and conditions of community supervision. Following
a plea of true to the State’s allegations, Appellant’s community supervision was revoked
and she was sentenced to ten years confinement, without imposition of a fine. Notice of
appeal was timely given. In presenting this appeal, counsel has filed an Anders


 brief in
support of a motion to withdraw. We grant counsel’s motion and affirm.
          In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, __ S.W. 3d __, No. AP-75,911,
2008 WL 1901389, at *2 (Tex.Crim.App. April 30, 2008). Counsel has candidly discussed
why, under the controlling authorities, the appeal is frivolous. See High v. State, 573
S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also demonstrated that he has
complied with the requirements of Anders by (1) providing a copy of the brief to Appellant
and (2) notifying Appellant of her right to file a pro se response if she desired to do so.


 
By letter, this Court granted Appellant thirty days in which to exercise her right to file a
response to counsel’s brief, should she be so inclined. In re Schulman, 2008 WL 1901389,
at *3 fn.23. Appellant did not file a response. The State filed a letter acknowledging
counsel’s designation of the case as frivolous and declined to file a brief.
          The reporter’s record reflects the State presented evidence from Appellant’s
community supervision officer, Alma Fuentes. Fuentes characterized Appellant’s
compliance with the conditions of her community supervision as poor. She then testified
to specific instances of Appellant violating the conditions of community supervision.
          Appellant also testified. She explained how she had benefitted from the SAFP
program and that she no longer drove. She urged the trial court to permit her to remain
on community supervision and live in a halfway house. 
          Following the presentation of evidence and witnesses, the trial court found that
Appellant had violated reasonable and lawful conditions of probation, revoked her
community supervision, and imposed punishment at ten years confinement.
          By an Anders brief filed in support of his motion to withdraw, counsel certifies he has
diligently reviewed the record and finds no potential errors to advance on appeal. Thus,
he concludes the appeal is frivolous. Additionally, Appellant’s pleas of true to each of the
State’s allegations, standing alone, are sufficient to support the trial court’s judgment
revoking community supervision. See Moses v. State, 590 S.W.2d 469, 470
(Tex.Crim.App. 1979).
           We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 2008 WL 1901389, at *2 fn.8;
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such
issues. After reviewing the record and counsel’s brief, we agree with counsel that there
are no plausible grounds for appeal. See In re Schulman, 2008 WL 1901389, at *3. See
also Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).
          Accordingly, counsel's motion to withdraw is granted, and the trial court’s judgment
is affirmed.


 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.